IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY SIMMONS,

        Plaintiff,                         No. CIV S-09-1895 LKK KJM PS

    vs.

EQUITY 1 LENDING, INC., et al.,        FINDINGS AND RECOMMENDATIONS

        Defendants.

_____/

        Plaintiff filed this action in state court and the action was removed to this court on July 11, 2009.  On July 21, 2009, defendant Countrywide Home Loans, Inc. and defendant Federal Home Loan Mortgage Corporation each filed a motion to dismiss; plaintiff did not timely respond to either motion.  By order filed August 21, 2009, plaintiff was given additional time in which to file opposition to defendants' motions and was cautioned that failure to file opposition would be deemed as a statement of non-opposition.  Plaintiff still has not filed an opposition and failed to appear at the hearing on the motions held on October 7, 2009.

        The Federal Rules of Civil Procedure provide for dismissal of actions based on lack of prosecution.  Fed. R. Civ. P. 41(b).  Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  In determining whether to dismiss for lack of prosecution, generally the court

1

1  considers (1) the public's interest in expeditious resolution of litigation, (2) the court's need to
2  manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring
3  disposition of cases on their merits, and (5) the availability of less drastic sanctions. See, e.g.,
4  Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996). The court may dismiss a case sua
5  sponte for lack of prosecution by the plaintiff. Hamilton Copper & Steel Corp. v. Primary Steel,
6  Inc., 898 F.2d 1428 (9th Cir. 1990). Sua sponte dismissal requires a "close focus" on
7  consideration of "less drastic alternatives" and whether or not there has been a "warning of
8  imminent dismissal of the case." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).

9        In determining that this action will be dismissed, the court has considered all the
10 factors set forth in Al-Torki. The first two factors on their face favor the imposition of sanctions
11 in this case which has been pending for some time. Compare Wanderer v. Johnston, 910 F.2d
12 652, 656 (9th Cir. 1990). Regarding the third factor, defendants already have briefed their
13 motions to dismiss, and would be prejudiced by the need for further litigation of this matter
14 despite plaintiff's non-responsiveness. Moreover, delay itself generally is prejudicial--witness
15 memories fade and evidence becomes stale or undiscoverable. While the fourth factor favors
16 resolution on the merits, in this case plaintiff has declined to oppose the motions to dismiss and
17 has thus precluded the court's evaluation of the potential merits of such an opposition. Under
18 these circumstances, the fourth factor is outweighed by the others.

19       Focusing on the fifth Al-Torki factor and warning regarding imminent dismissal,
20 as required by Oliva, the court in its August 21, 2009 order has advised plaintiff that this action
21 is subject to dismissal, directed plaintiff to file opposition, and granted ample additional time to
22 oppose the pending motion after plaintiff failed to timely oppose defendants' motions to dismiss,
23 all to no avail. From plaintiff's failure to respond to the most recent order and failure to appear
24 at the hearing on the motions to dismiss, the court finds that plaintiff has abandoned this
25 litigation. The court therefore concludes there is no suitable alternative less drastic sanction to
26 dismissal.

1  Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed
2  with prejudice and that the notice of <u>lis</u> <u>pendens</u> (Docket No. 5, Attach. 2, p. 68) be expunged.
3  These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
5  days after being served with these findings and recommendations, any party may file written
6  objections with the court and serve a copy on all parties.  Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8  shall be served and filed within ten days after service of the objections.  The parties are advised
9  that failure to file objections within the specified time may waive the right to appeal the District
10 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
11 DATED:  October 15, 2009.

_____
U.S. MAGISTRATE JUDGE

006
simmons.57